this action and the defendants' counterclaim are not mutual indebtednesses under the rule, and can, therefore, not be counterclaimed."

The interlocutory judgment appealed from must be affirmed, with costs. All concur.

(25 Misc. Rep. 296.)

### LIEBERMAN v. THIRD AVE. R. CO.

(City Court of New York, General Term. November 18, 1898.)

1. ACTION BY INFANT—DAMAGES—WAGES.

     An infant, 20 years of age, in an action for damages for injuries sustained, can recover wages lost because of such injuries, where, with his father's consent, he had retained his earnings.

2. SAME—PARENT'S ACQUIESCENCE IN CLAIM FOR WAGES.

     Where, in his application for appointment of guardian ad litem in an action for damages for injuries sustained, an infant claimed as an item of damages his wages, his father, by consenting to act as such guardian, acquiesced in his son's claim for wages, and hence could not subsequently recover for himself.

Appeal from trial term.

Action by Louis Lieberman, an infant, by Abraham Lieberman, guardian ad litem, against the Third Avenue Railroad Company. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Hoadly, Lauterbach & Johnson, for appellant.

Max D. Steuer, for respondent.

FITZSIMONS, C. J. We think that the judgment was justified by the evidence herein. It shows that the injuries complained of were caused by the negligence of the defendant, and that he was free from contributory negligence. We think that no error was committed by the trial justice in the admission or exclusion of evidence. We do not agree with the defendant that an error was committed by the justice in charging the jury that plaintiff, an infant, had the right to recover in this action the wages lost by him because of the injuries in question. We think that the charge in that regard is right, because the infant, who was over 20 years of age, had the right, at the time of the injuries, to his own earnings, if his father consented. In this instance it is apparent that such consent was given, because, in his petition for the appointment of his father as his guardian herein, the plaintiff claims as an item of his damages herein his wages, and his parent, in consenting to act as such guardian, must be held to have acquiesced in the claim made by his son, and, consequently, could not recover, in any action brought by him, such wages.

The judgment must be affirmed, with costs. All concur.